**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROGER RICHENDOLLAR,                                      Case No. 1:13-cv-495

        Plaintiff,                                      Barrett, J.
                                                  Bowman, M.J.

      v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Roger Richendollar filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled.  *See* 42 U.S.C. §405(g).  Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes.  For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

### I.  Summary of Administrative Record

On June 29, 2009, Plaintiff filed an application for Supplemental Security Income (SSI) alleging a disability onset date of June 1, 2009[1], due to physical and mental impairments.  (Tr. 141-143).  After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge. ("ALJ").  On July 7, 2011, ALJ John Pope held an evidentiary hearing at which Plaintiff appeared with counsel.  The ALJ heard testimony from Plaintiff and an impartial

---

[1] Plaintiff originally alleged disability beginning in September 15, 2001. (Tr. 27, 141). However, Plaintiff, once represented by counsel, later amended his alleged onset date to June 1, 2009, the

vocational expert. (Tr. 47-79).   On September 16, 2011, ALJ Pope denied Plaintiff's applications in a written decision.  (Tr. 27-42).  Plaintiff now seeks judicial review of the denial of his application for benefits.

 Plaintiff was born on April 29, 1966 and was 43 years old on the date of his application for benefits. (Tr. 41). He has a limited education and attended special education classes. Plaintiff has past relevant work as a sandblaster, janitor and dishwasher. (Tr. 41).  Plaintiff alleges disability based upon lumbar pain, leg pain, depression and anxiety.   Plaintiff testified that due to his low back pain, he can only stand or sit for "so long" before he needs to keep moving.  (Tr. 56).  Plaintiff further testified that he can't be around a lot of people at one time and gets "aggravated too easy." (Tr. 64).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "chronic back pain, gastroesophageal reflux disease, leg pain, dysthymic disorder; anxiety disorder, and borderline intellectual functioning." (Tr. 29).  The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1.  The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work with the following limitations:

> He can frequently balance, kneel, or crawl.  He can occasionally climb ramps, climb stairs, stoop, or crouch.  He can never climb ladders, ropes or scaffolds.  He should avoid concentrated exposure to extreme cold and hazards.  He is limited to unskilled work involving only superficial social interaction and only occasional changes.

---

month that he applied for benefits. (Tr. 27, 238).

(Tr. 20).  Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that while Plaintiff is unable to perform his past relevant work as a sandblaster, janitor and dishwasher, significant other jobs exist in the national economy that Plaintiff could perform including housekeeper, stock clerk and packer. (Tr. 42). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. *Id.*

The Appeals Council denied Plaintiff's request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.  On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) improperly evaluating Plaintiff's credibility; 2) failing to accommodate Plaintiff's impairments in his RFC assessment; and 3) improperly weighing the opinion of Dr. Deardorff.  Upon close analysis, I conclude that none of the asserted errors require reversal or remand.

## II.  Analysis

### A.  Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act.  *See* 42 U.S.C. §§423(a), (d), 1382c(a).  The definition of the term "disability" is essentially the same for both DIB and SSI.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a

4

significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

**B.  Specific Errors**

*1.  Credibility*

Plaintiff argues first that the ALJ improperly determined that Plaintiff's subjective complaints were not fully credible.  Specifically, Plaintiff contends that the objective medical evidence corroborates his subjective complaints of disabling and chronic pain. Plaintiff further asserts that the ALJ failed to provide an adequate explanation for his credibility finding as required by SSR 96-7p.  Plaintiff's contentions are unavailing.

It is the province of the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. *Rogers v. Commissioner of Social Sec.,* 486 F.3d 234, 247 (6th Cir.2007) (citations omitted). In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir.2001). "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th

Cir.1994). The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of HHS,* 753 F.2d 517, 519 (6th Cir.1985). In this regard, Social Security Ruling 96–7p explains:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

SSR 96–7p.

In addition, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The ALJ's credibility decision must also include consideration of the following factors: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the

individual's functional limitations and restrictions due to pain or other symptoms. See 20 C.F.R. §§ 404.1529(c) and 416.929(c); SSR 96–7p.

While an ALJ may properly consider a Plaintiff's inconsistent statements and other inconsistencies in the record, the ALJ must also consider other factors listed in SSR 96–7p, and may not selectively reference a portion of the record which casts Plaintiff in a capable light to the exclusion of those portions of the record which do not. *See Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240–41 (6th Cir.2002). Further, a credibility determination cannot be disturbed "absent a compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001). Thus, it is proper for an ALJ to discount the claimant's testimony where there are contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.,* 375 F.3d at 392.

Contrary to Plaintiff's contentions, the ALJ properly considered the requisite factors in making his credibility determination. Here, the ALJ found that Plaintiff's subjective complaints of disabling pain were not fully credible. (Tr. 15). In discussing Plaintiff's credibility, the ALJ found that "the medical record contains no medical findings to substantiate the significant symptoms alleged by the claimant." (Tr. 38). Specifically, the ALJ noted that MRI and x-rays revealed only minor degenerative changes in Plaintiff's lumbar spine and no other abnormalities. He further noted that the record did not contain any EMG testing to confirm the diagnosis of radiculopathy.

Plaintiff, however, asserts that the record documents his continued complaints of chronic and disabling pain. However, as noted by the Commissioner, merely having pain — even chronic pain — is insufficient for a claimant to meet his burden of proof to show disabling limitations. *See, e.g., Lawson v. Comm'r of Soc. Sec.*, 192 Fed. App'x

521, 527 (6th Cir. 2006) (affirming ALJ who found that Plaintiff had pain, but that such pain was not severe enough to cause disabling limitations); *see also* 20 C.F.R. §§ 416.920(a)(4) (claimant bears burden of proof to show limitations); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (same).  Rather, to be disabled, a claimant must show that his pain is so severe that it prevents him from engaging in substantial gainful activity. 42 U.S.C. § 1382c(a)(3)(A).  Here, Plaintiff has failed to establish that his back pain causes additional functional limitations than those found by the ALJ in his RFC finding.  Moreover, as further detailed below, in light of the objective evidence, conservative treatment, Plaintiff's improvement with medication, and the opinions of Drs. Johnson and Manos, the ALJ reasonably found that Plaintiff's pain was not extreme enough to prevent him from performing a limited range of light work.

In addition, the ALJ's credibility determination also properly considered Plaintiff's lack of prescribed medication, failure to follow treatment, and poor work history.  In this regard, the ALJ found that as late as August 2009, Plaintiff admitted that he was not taking medications. (Tr. 35, 274).  As noted by the Commissioner, that time was two months after Plaintiff applied for disability and eight *years* after Plaintiff's initial alleged disability onset date.  (Tr. 27, 141).  Furthermore, as discussed below, the ALJ noted that, even at the time of the hearing, Plaintiff took no psychotropic medication. (Tr. 40, 58-59, 235). Under the regulations, ALJ's may look to a claimant's medications when considering credibility. *See* 20 C.F.R. § 416.927(c)(iv).

The ALJ also noted that Plaintiff failed to follow his treatment.  A claimant's failure to follow treatment can indicate that he is not as disabled as alleged. *Mullen v. Bowen*, 800 F.2d 535, 547 (6th Cir. 1986) (en banc) (upholding Appeals Council denial

of benefits that noted that a claimant "is apparently not interested in undergoing further definitive treatment for his back problems,"); *Awad v. Sec'y of Health & Human Servs.*, 734 F.2d 289-290 (6th Cir. 1984) (failure to undergo back surgery not excused). Here, there is no indication in the record that Plaintiff saw a pain management specialist or got injections, despite his treating physician's recommendations that he do so. (Tr. 37, 330, 337).

Based on the foregoing, the undersigned finds that the ALJ's decision adequately sets forth the reasons for his credibility finding and shows he considered the required factors in determining plaintiff's credibility. *See* 20 C.F.R. § 416.929(c). In light of the ALJ's opportunity to observe plaintiff's demeanor, the ALJ's credibility finding is entitled to deference and should not be discarded lightly. *Kirk,* 667 F.2d at 538. *See also Cruse v. Commissioner,* 502 F.3d 532, 542 (6th Cir.2007); *Walters v. Commissioner,* 127 F.3d 525, 531 (6th Cir.1997); *Gaffney v. Bowen,* 825 F.2d 98, 101 (6th Cir.1987). Accordingly, the Court finds substantial evidence supports the ALJ's credibility finding in this matter.

### 2. Determination of Plaintiff's RFC

Plaintiff's second assignment of error asserts that the ALJ improperly determined that Plaintiff was capable of performing light work. In this regard, Plaintiff contends that the objective evidence indicates that he sufferers from narrowing intervertebral discs at L5-S1 and mild degenerative changes. Plaintiff further asserts that his complaints of back pain are documented in the progress notes from the Family Medical Center. Plaintiff's contentions lack merit.

An individual's RFC measures the claimant's capacity to engage in basic work activities. *Salyers v. Sec'y of Health & Human Servs.,* 798 F.2d 897, 899 (6th Cir.1986) If the claimant's RFC permits him to perform his prior work, benefits are denied. §§ 404.1520(e), 416.920(e). Here, in determining Plaintiff's RFC assessment, the ALJ's decision indicated that he thoroughly reviewed the evidence of record and properly considered the functional limitations associated with Plaintiff's physical impairments. Specifically, the ALJ noted that x-rays of Plaintiff's left hip and right foot were normal. (Tr. 35, 282, 319).  An August 2009 x-ray of Plaintiff's lumbar spine showed only mild degenerative changes, with some moderate narrowing in one location.  (Tr. 35, 282).  A follow-up x-ray three months later showed minor bone spurring, but no significant abnormality. (Tr. 35, 321).  An MRI showed mild degenerative changes and mild spinal canal or neuroforaminal narrowing (narrowing of the spinal column opening through which the spinal cord exits), with no evidence of focal disc herniation. (Tr. 35, 320).

The ALJ's RFC finding is also supported by the findings of consultative examining physician Dr. Nutter, as well as those of the state agency physicians.  (Tr. 35, 274-77).  Dr. Nutter noted that Plaintiff ambulated normally and was able to perform tandem gait (walking with the toes of the back foot touching the heel of the front foot at each step) without difficulty. While Plaintiff had some difficulty squatting, he had no edema (swelling) in the lower extremities and had normal strength, except for some give away weakness in his feet. He also had full range of motion in his cervical spine without spasm or tenderness.

Similarly, state agency physician Dr. Manos opined that Plaintiff could stand and/or walk for about six hours and sit for about six hours in an eight-hour day.  (Tr.

312).   Dr. Johnson, another state agency physician, assessed the same standing, walking, and sitting abilities as Dr. Manos. (Tr. 312, 352). Dr. Johnson opined that Plaintiff could lift and/or carry 10 pounds frequently and 20 pounds occasionally.  (Tr. 352).

In light of the foregoing and as discussed above, the objective evidence fails to support Plaintiff's claims of disabling pain and associated limitations.  Accordingly, the undersigned finds that the ALJ's RFC finding is substantially supported by the opinion evidence and should not be disturbed.

### 3. Evaluation of the Opinion Evidence

Plaintiff's final assignment of error asserts that the ALJ failed to properly weigh the opinion of Dr. Deardorff, who performed a consultative psychological examination of Plaintiff.  Specifically, Plaintiff asserts that that ALJ erred in assigning "great weight" to the opinions of the state agency psychologists, yet, giving on only "some weight" to the findings of Dr. Deardorff.

On September 16, 2009, upon examination, Dr. Deardorff found that Plaintiff suffered from dysthymic disorder, anxiety disorder, NOS, Attention Deficit/Hyperactivity Disorder, in partial remission and borderline intellectual functioning.  (Tr. 289).  He determined that Plaintiff had moderate limitations in working with others; remembering instructions; maintaining concentration, persistence, and pace; and withstanding stress and pressure. (Tr. 38, 289-290).

On October 20, 2009, Joan Williams, Ph.D reviewed the record and completed a Psychiatric Review Technique form.  Dr. Williams reviewed Dr. Deardorff assessment. He gave weight and accepted Dr. Deardorff's findings "as it is not countered strongly by

evidence elsewhere in the file."  Accordingly, Dr. Williams concluded that Plaintiff could perform simple, repetitive, one-to-two step tasks, with superficial social interactions and only occasional changes. (Tr. 295).  Thereafter, on May 21, 2010, Paul Tangeman, Ph.D. reviewed Plaintiff's file and affirmed Dr. Williams' findings.  (Tr. 360).

In formulating Plaintiff's mental RFC, the ALJ gave great weight to the opinions of the state agency psychologists.  (Tr. 39).  In so concluding, the ALJ noted that their opinions were consistent with the objective medical evidence of record and Plaintiff's daily activities.  (Tr. 39).  The ALJ gave some weight to Dr. Deardorff's findings, noting that while he had the opportunity to examine Plaintiff, he never treated him and saw him only once.  In any event, the ALJ found that the restrictions indicated by Dr. Deardorff are consistent with his RFC assessment.

In weighing differing medical opinion evidence, an ALJ considers the factors set forth in 20 C.F.R. § 404.1527(d)(2). These factors include: "(1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant." *Meece v. Barnhart,* 192 Fed. Appx. 456, 461 (6th Cir.2006) (citing 20 C.F.R. §§ 404.1527(d)(2)-(d)(6)). More weight is generally given to an opinion offered by a medical source who has examined the claimant over an opinion offered by a medical source who has not examined the claimant. 20 C.F.R. § 404.1527(d)(1). More weight is given to opinions supported by "relevant evidence" such as "medical signs and laboratory findings[.]" 20 C.F.R. § 404

12

.1527(d)(3). Further, more weight is given to those medical opinions that are "more consistent ... with the record as a whole[.]" 20 C.F.R. § 404.1527(d)(3). After assessing the weight afforded to medical source evidence, ultimately, an ALJ can properly rely on the conclusions of a nonexamining, record reviewing physician to support an RFC assessment. *See Sullivan v. Comm'r of Soc. Sec.,* No. 1:07cv331, 2009 WL 648597, *13 (S.D.Ohio Mar.11, 2009). Such is permissible "because the Commissioner may view nonexamining sources 'as highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act.'" *Id.* (citing Social Security Ruling 96–6p). Opinions offered by nonexamining physicians "are weighed under the same factors as treating physicians including supportability, consistency, and specialization." *Id.* (citing 20 C.F.R. § 404.1572(d), (f)). Thus, "under some circumstances, [opinions from nonexamining doctors can] be given significant weight." *Linton v. Astrue,* No. 3:07cv00469, 2009 WL 540679, *8 (S.D. Ohio Mar 2, 2009).

In this case, no treating source provided an assessment relating to Plaintiff's work-related limitations or opined that Plaintiff is disabled. Based on the record before the ALJ, the undersigned finds that the ALJ properly weighed the opinion evidence relating to Plaintiff's mental impairments. As noted above, Dr. Williams accepted Dr. Dearforffs findings and incorporated his limitations in her RFC assessment. The ALJ found such limitations to be consistent with the evidence in the record and Plaintiff's reported daily activities.

Plaintiff argues that the ALJ violated "the rule in *Gayheart v. Commissioner of Soc. Sec.*" because he gave more weight to the opinions of reviewing psychologists

13

(Drs. Williams and Tangeman) over that of an examining psychologist (Dr. Deardoff). See *Gayheart v. Commissioner of Soc. Sec.*, 710 f.3d 365, 375, 379-80 (6th Cir. 2013) ("progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker.) Here, however, the ALJ did not scrutinize Dr. Deardorff's opinion more harshly than those of the state agency psychologists and, as previously pointed out; Dr. Williams accepted Dr. Deardorff's findings. Ultimately, although the ALJ gave "some weight" to Dr. Deardorff's opinion, his findings were clearly incorporated into Plaintiff's RFC.

Last, Plaintiff appears to assert that the ALJ's RFC finding does not sufficiently account for Plaintiff's "moderate" limitations in concentration, persistence and pace. Here, the ALJ found that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace, and determined that Plaintiff is able to perform unskilled work involving only superficial social interaction and only occasional changes. Plaintiff's challenge to the ALJ's findings appears to be based on the Court's decision in *Ealy v. Commissioner.*

Notably, in *Ealy v. Commissioner,* 594 F.3d 504 (6th Cir.2009), the Sixth Circuit found that where medical source opinions specifically limited Plaintiff's ability to sustain attention and imposed restrictions in pace, speed and concentration, the ALJ's "streamlined" hypothetical omitting those restrictions was insufficient. *Id.* Notably, however, several post-*Ealy* decisions declined to adopt a bright line rule that a limitation to "simple repetitive tasks" in an RFC and hypothetical to the VE is not adequate to address a claimant's moderate impairment as to concentration, persistence, and pace. *See Steed v. Astrue,* No. 4:11 CV204, 2012 WL 1097003, at *9 (N.D.Ohio Mar.30,

14

2012); *Jackson v. Comm'r of Soc. Sec.,* No. 1:10CV763, 2011 WL 4943966, at *4 (N.D.Ohio Oct.18, 2011).  Here, no medical source imposed any restrictions relating to pace, speed and concentration, as is in *Ealy,* and Plaintiff offers no additional evidence or argument in support of this contention.  Accordingly, Plaintiff's assertion should be overruled in this regard.

### III.  Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

　*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROGER RICHENDOLLAR,                                          Case No. 1:13-cv-495

       Plaintiff,                                          Barrett, J.
                                                            Bowman, M.J.

   v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

16