UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roger Lee Richendollar,

    Plaintiff,

    v.                                                      Case No. 1:13cv495

Commissioner of Social Security                Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's August 7, 2014 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.  (Doc. 17).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 19).  The Commissioner filed a Response.  (Doc. 22).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.  Plaintiff objects on the following basis: (1) the ALJ failed to include Plaintiff's complaints of pain in Plaintiff's RFC; (2) the ALJ found Plaintiff's complaints of pain not credible; and (3) the ALJ did not give proper weight to the opinion of Dr. Deardorff, a non-treating physician who examined Plaintiff at the request of the Social Security Administration.

**A. RFC**

Plaintiff argues that the ALJ failed to include Plaintiff's complaints of pain in Plaintiff's RFC assessment.

A claimant's "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 786 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96–8p, 1996 WL 374184, at * 1 (July 2, 1996) (Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims)).  An ALJ "must determine a claimant's residual functional capacity, considering 'numerous factors' including 'medical evidence, non-medical evidence, and the claimant's credibility.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 417 (6th Cir. 2011) (quoting *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed.Appx. 435, 443 (6th Cir. 2010) and citing SSR 96–5p, 1996 WL 374183, at *3 (July 2, 1996); SSR 96–8p, at *5).

As the Magistrate Judge explained in more detail, the ALJ thoroughly reviewed the evidence in the record.   Based on this review, the ALJ found that Plaintiff's complaints of disabling pain were not credible.   Therefore, the ALJ properly assessed Plaintiff's RFC.

Plaintiff also argues that he should have a chance "to have another hearing in order to properly assess the physical limitations, as supported by more imaging than simply the X-Ray discussed by the Magistrate Judge and possibly obtain additional evidence as to the potential effects of the impairments revealed in Plaintiff's imaging." However, it is the claimant that bears the burden of proof during the first four steps. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)).

Therefore, the Court concludes that the Magistrate Judge properly found that the ALJ's finding is substantially supported by the evidence in the record.

### B. Credibility

As the Magistrate Judge explained, "[t]he ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987)). The ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Plaintiff points to several medical records which indicate that Plaintiff complained of lower back pain. "There is no question that subjective complaints of a claimant can support a claim for disability, if there is also objective medical evidence of an underlying medical condition in the record. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (citing *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 150-51 (6th Cir.1990)).

In this instance, the objective medical evidence does not support Plaintiff's claim that his pain was disabling. As the Magistrate Judge explained, the ALJ noted that MRI and x-rays revealed only minor degenerative changes in Plaintiff's lumbar spine, and did not show any other abnormalities. In addition, EMG testing, which would confirm the diagnosis of radiculopathy, is not contained in the record. Without such medical evidence, "[s]ubjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'" *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 834 (6th Cir. 2005) (quoting 42 U.S.C. § 423(d)(5)(A)).

However, the Sixth Circuit has explained: "Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints 'based on a consideration of the entire case record.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-48 (6th Cir. 2007).

Here, the ALJ did consider the entire case record, including the objective medical evidence and the medical opinions. In addition, the ALJ noted that Plaintiff admitted he was not taking medications and Plaintiff failed to follow treatment.

Therefore, the Court concludes that the Magistrate Judge properly found that the ALJ's credibility determination is substantially supported by the evidence in the record.

### C. Examining physician's opinion

Plaintiff argues that the ALJ failed to give proper weight to Dr. Deardorff because the ALJ gave greater weight to the reviewing physicians.

The Sixth Circuit has explained that a non-examining source has a complete medical snapshot when reviewing a claimant's file and that:

> In appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources . . . if the State agency medical . . . consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.

*Rogers*, 486 F.3d at 245, n.4 (quoting Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996), Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact by a State Agency Medical or Psychological Consultants and other Program Physicians and Psychologists at the Administrative Law Judge and Appeals

4

Council Level of Administrative Review; Medical Equivalence). Here, the record included the report from Dr. Deardorff. Both reviewing physicians who reviewed Dr. Deardorff's report gave weight to his opinion and accepted his findings. Therefore, to the extent that the ALJ gave greater weight to the opinions of the non-examining physicians, to do so was proper.

Finally, Plaintiff refers back to an argument made in the Statement of Errors:

Dr. Deardorff found that Plaintiff suffers from many moderate limitations in his ability to perform work-related tasks. Additionally, he opined that these limitations would preclude Plaintiff from being able to perform at a consistent pace and concentrate to complete and remember tasks. The ALJ's RFC only includes non-exertional limitations of "unskilled work with superficial social interaction and only occasional changes" which falls quite short of the limitations that were found by Dr. Deardorff, and the moderate limitations opined by the State agency examiners.

(Doc. 9, PAGE ID #447).

The ALJ did find that Plaintiff had moderate limitations in concentration, persistence and pace. (Doc. 8, PAGE ID #68). To the extent that Plaintiff argues that this limitation should have been greater than "moderate," there is no evidence in the record which supports this finding.

Therefore, Plaintiff's objections are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's August 7, 2014 R&R (Doc. 17) affirming the decision of the Commissioner. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                       */s/ Michael R. Barrett*
                       Michael R. Barrett, Judge
                       United States District Court